# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2561
_____

United States of America

*Plaintiff - Appellee*

v.

Alfonso R. Hayden, also known as Cali Black

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: February 14, 2022
Filed: August 2, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

Alfonso Hayden appeals his 72-month sentence, arguing for the first time that the district court[1] erred by applying the career offender enhancement pursuant to United States Sentencing Guidelines § 4B1.1(a) because his prior federal marijuana

---

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

convictions do not qualify as controlled substance offenses under the Guidelines. But in the time since Hayden's appeal was submitted to this panel, he has completed that sentence, and his appeal is therefore moot.

Hayden pleaded guilty to two counts of distribution of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), with a plea agreement providing that the government would recommend a sentence of no more than 72 months. The presentence investigation report (PSR) concluded that Hayden was subject to the career offender enhancement, USSG § 4B1.1(a), resulting in an advisory range of 168 to 210 months of imprisonment, and the district court agreed. Hayden advocated for a sentence of time served, while the government recommended 72 months. The court sentenced Hayden to 72 months of imprisonment on each count to run concurrently followed by three years of supervised release. On July 7, 2022, Hayden completed his term of imprisonment and was released from federal custody.[2]

Before we can proceed to the merits of any appeal, we must satisfy ourselves that we retain jurisdiction. United States v. Tuberville, 698 Fed. App'x 315, 315 (8th Cir. 2017) (per curiam) (unpublished). We do not have the "power to decide questions that cannot affect the rights of litigants." North Carolina v. Rice, 404 U.S. 244, 246 (1971). "When an inmate's sentence has been discharged, he can only maintain an appeal of that sentence if there is some 'collateral consequence' of the incarceration," which means a "concrete and continuing injury other than the now-ended incarceration." Tuberville, 698 Fed. App'x at 315–16 (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

Here, Hayden challenges only his now-expired term of imprisonment, not his underlying conviction or subsequent term of supervised release, and we find no other possible collateral consequence. See United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (explaining that when a defendant challenges only an expired sentence

---

[2]See Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov /inmateloc/ (last visited July 21, 2022).

and not an underlying conviction there is no presumption of the existence of collateral consequences).  Under these circumstances, we can no longer grant the relief sought, and there is no case or controversy for this court to resolve.  The appeal is dismissed as moot.

_____